# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**ADDONES SPENCER**
**Reg. #11060-027**                                                          **PLAINTIFF**

**V.**                              **CASE NO. 2:12CV00209 DPM/BD**

**M. MILHOLLAND, et al.**                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Introduction:**

Plaintiff Addones Spencer, a federal inmate housed in the Federal Correctional Institution - Medium, in Forrest City, Arkansas, filed this case *pro se,* alleging that his constitutional rights were violated.  He claims that the named Defendants retaliated against him and failed to provide him adequate medical treatment.  (Docket entry #1)

The Court previously dismissed Mr. Spencer's claims against Defendants Millholland, Sheldon, and Meyer.  (#7, #28)  Therefore, the only remaining Defendant is C. Samuels.

Defendant Samuels has now moved for summary judgment on Mr. Spencer's claims against him.  (#29)  Mr. Spencer has not responded to the motion, and the time for responding has passed.

Based on the undisputed evidence presented, the Court recommends that the motion for summary judgment (#29) be GRANTED, and that Mr. Spencer's claims against Defendant Samuels be DISMISSED, without prejudice.

III.   **Discussion**:

Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C.

§ 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819

(2001) (holding that available remedies "must be exhausted before a complaint under

§ 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is

"capable of use for the accomplishment of a purpose; immediately utilizable [and]

accessible."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If exhaustion is not

complete by the time a lawsuit is filed, the Court must dismiss it.  *Johnson v. Jones*, 340

F.3d 624, 627 (8th Cir. 2003).

Whether a prisoner has properly exhausted administrative remedies turns on the

specifics of prison policy.  *Jones v. Bock*, 549 U.S. 199, 923 (2007).  Prisoners can be

excused from exhausting administrative remedies, but only when correction officials have

prevented them from using grievance procedures or when the officials themselves have

not complied with the administrative procedures.  *Miller v. Norris*, *supra* at 740; *Foulk v.*

*Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).  An inmate's subjective belief that the

procedures were not available "does not matter" and is not determinative.  *Gibson v.*

*Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809

(8th Cir. 2002)).

The Federal Bureau of Prisons has a multi-tiered inmate grievance procedure.  28

C.F.R. § 542.10 *et seq*.  Inmates must first attempt to resolve grievances and complaints

informally with the institution's staff.[1]  28 C.F.R. § 542.13.  If no resolution is reached

informally and the inmate wants to pursue the issue, he or she may notify the warden of

the institution by filing a "request for administrative remedy"– commonly referred to as a

"BP-9."[2]  28 C.F.R. § 542.14.  If not satisfied with the warden's response, the inmate

must appeal to the regional director by submitting a "BP-10" to continue the process.  28

C.F.R. § 542.15.  Finally, if the inmate is not satisfied with the regional director's

response, he can notify the Office of the General Counsel for the Bureau of Prisons by

submitting a "BP-11."  28 C.F.R. § 542.15.  A grievance is not considered exhausted

until it has been addressed at each level in the process.  (#29-1 at p.3)

Defendants have submitted the declaration of Blair Summers, Legal Assistant at

the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal

Center, to support their motion.  (#29-1)  Mr. Summers explains that since 1990, all

administrative remedy submissions are recorded and stored in SENTRY, a computer-

based information system.  (#29-1 at pp.3-4)  According to SENTRY records, Mr.

Spencer has submitted fifteen administrative remedy requests since being incarcerated at

---

[1]  Although generally inmates are required to resolve an issue prior to submitting a request for an administrative remedy, an informal resolution attempt may be waived "when the inmate demonstrates an acceptable reason for bypassing informal resolution." 28 C.F.R.  § 542.13.  That is not the case here.

[2]  Under certain circumstances, an inmate may submit a request directly to the regional director, but in this case, Mr. Spencer has not offered any facts or evidence that would lead the Court to conclude that he was exempt from first submitting any of his requests at the institutional level.  28 C.F.R. § 542.14.

the Bureau of Prisons.  (#29-1 at p.4)  He has been allowed to proceed only on five of his administrative remedy requests because he improperly submitted the other ten requests to the regional office rather than first submitting them at the institutional level.  (#29-1 at p.4)

According to Mr. Summers, the only administrate remedy request submitted by Mr. Spencer regarding the issues raised in this lawsuit was rejected by the regional office because he failed to first file his request at the institutional level.  (#29-1 at p.4) In his affidavit, Mr. Summers also testifies that Mr. Spencer never filed an administrative remedy request regarding any lack of treatment for post-traumatic stress disorder.  (#29-1 at p.4)

Mr. Spencer has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust his claims against Defendant Samuels.  Nor has he alleged or presented evidence indicating that he was prevented from fully exhausting administrative remedies.

The undisputed evidence shows that Mr. Spencer did not fully exhaust his administrative remedies with regard to his current claims against Defendant Samuels.  For that reason, his claims against Defendants Samuels should be summarily dismissed, without prejudice.

IV.   **Conclusion**:

The Court recommends that the motion for summary judgment (#29) be

GRANTED, and that Mr. Spencer's claims against Defendant Samuels be DISMISSED,

without prejudice.

DATED this 19th day of June, 2013.

_____

UNITED STATES MAGISTRATE JUDGE